IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE EVERETT WELCH,

    Petitioner,                      No. CIV S-07-1765 LKK EFB P

    vs.

BOARD OF PRISON TERMS, et al.,

    Respondents.                 FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. The matter is currently before the court on respondents' February 19, 2008, motion to dismiss this action on the ground that the claims in the instant petition are duplicative of those raised in a previously filed petition. Following briefing, the motion was taken under submission. The court has compared the applications in these cases and, for the reasons set forth below, finds that they are duplicative. Petitioner should proceed on the action he initially commenced.

////

////

////

////

## I. Procedural History

On July 14, 2006, petitioner filed an application for a writ of habeas corpus in this district. *See Welch v. Campbell, et al.*, Case No. 2:06-cv-1567 MCE GGH, Docket No. 1.[1]  On August 17, 2006, he filed a second application in the United States District Court for the Central District of California which was designated No. CV-06-5181 MMM (MAN).  On August 24, 2007, U.S. District Judge Morrow issued an order transferring the case to this district.  *See* Case No. S-07-cv-1765, Docket No. 1, at 1 (Aug. 24, 2007, Order in CV 06-5181, at 1-6).  In the transfer order, the court noted that the two applications "are duplicative to a substantial degree." *Id.* at 3 n.3.  Upon receipt in this court, the action was designated Case No. 2:07-cv-1765 LKK EFB P.  *See* Docket No. 1, at 1.

## II. Standards

A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)).  "When a complaint involving the same parties and issues has already been filed in another federal district court, the court has discretion to abate or dismiss the second action."  *Id.* at 1144 (citation omitted).  "Federal comity and judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Id.* at 1145 (citation omitted). "[I]ncreasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the right of the parties." *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

////

////

---

[1] A court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980).

2

**III.    Analysis**

The claims in the instant petition stem from and challenge the validity of the April 13, 2005, decision of the California Board of Prison Terms ("Board")[2] finding petitioner unsuitable for parole. Each of the alleged claims rests on the premise that the Board's decision violated petitioner's constitutional rights, because it relied on false or erroneous information. Docket No. 1, Pet. at 5-6 (unnumbered pages 16-17). However, petitioner first challenged the Board's decision through the previously filed petition, which remains pending. In that first petition, petitioner claims that the Board, in finding him unsuitable for parole, erroneously relied on crimes of which petitioner was not convicted and misconstrued his rap sheet. *See Welch v. Campbell, et al.*, Case No. 2:06-cv-01567 MCE GGH, Docket No. 1, Pet. at 5. Thus, the suits are duplicative.

Accordingly, it is RECOMMENDED that respondents' February 19, 2008, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 27, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The Board is now known as the California Board of Parole Hearings.